# Ohio and Pennsylvania Railroad Co. *versus* Wallace.

Where it is required by an act of Assembly that a report of viewers assessing damages for the taking of ground for the construction of a railroad, shall set forth the value of the property taken, or damages done to the property, the amount of benefit conferred, and the difference between the damages done to the property taken, an award stating that the viewers, taking into consideration the advantages and disadvantages, found a gross sum due to the owner, but without referring to the advantages to the owner, is not sufficient.

CERTIORARI to the Common Pleas of *Beaver county.*

This was a proceeding by Robert Wallace *vs.* The Ohio and Pennsylvania Railroad Company, to recover damages on account of their railroad passing through his land.

This case originated under an act of Assembly of this commonwealth, passed the 11th day of April, 1848, entitled, "An Act to incorporate the Ohio and Pennsylvania Railroad Company," (*Pamph. Laws of* 1849, p. 754,) which act adopts and enacts into

a law of this commonwealth, all and singular the provisions of an act of the Legislature of the State of Ohio, passed the 24th day of February, 1848, entitled, "An Act to incorporate the Ohio and Pennsylvania Railroad Company;" and further provides, in the 6th section, "That exemplified copies of the said act of the State of Ohio, and of an act passed by said state on the 11th day of February, 1848, entitled, "An Act regulating railroad companies," shall be annexed to this act, and published in the same manner as this act shall be published.

In conformity with the provisions of the 9th section of the last-mentioned act, which constitutes part of their charter, (*Pamph. Laws of* 1849, p. 758,) the company, on the 27th of March, 1850, deposited with the prothonotary of the Court of Common Pleas of Beaver county, an instrument of appropriation, containing a description of the rights and interests of defendant, Robert Wallace, intended to be appropriated to the use of their railroad. A copy of said instrument of appropriation was afterwards delivered to the defendant; and, upon application in writing made by the company to Judge IRVIN, one of the judges of the court aforesaid, he appointed, by his warrant bearing date the 27th day of March, 1850, three disinterested freeholders of said county, to appraise the damages which the said defendant might sustain by said appropriation.

The appraisers so appointed proceeded, on the 4th of April, 1850, to enter upon the duties of their appointment, in the presence of the attorney of the company, and of the defendant and his attorney. Having been duly sworn, they viewed the ground appropriated, and made out an award in favor of defendant, the owner of the land, for $900; which award was returned to the said prothonotary, and filed on the 4th day of April aforesaid.

Exceptions were, on the 6th of April, 1850, filed by the attorney of the company to the award of the appraisers; and on the 9th of May, 1850, the exceptions were overruled by the court, and the award confirmed.

Award.—Big Beaver township, April 4th, 1850. We, the appraisers appointed by the annexed rule of Court of Common Pleas of Beaver county—the Ohio and Pennsylvania Railroad Company against Robert Wallace—met, according to agreement, at the house of R. Wallace, and, after being duly sworn according to law, and having viewed the lands and tenements, ground occupied by the said Ohio and Pennsylvania Railroad Company, more particularly described and set forth in a schedule and plot thereof hereto annexed, and made part of the same; after taking into consideration the advantage and disadvantages of the Ohio and Pennsylvania Railroad, do award the said Robert Wallace the sum of nine hundred dollars damages, to be paid him by the said Ohio and Pennsylvania Railroad Company.—Award under hand and seal.

[Ohio and Pennsylvania Railroad Co. *v.* Wallace.]

Plaintiffs, by their counsel, filed exceptions to the award of the appraisers, the first of which was:

The award does not conform to the requisitions of the act of Assembly incorporating the company, but is fatally defective.

May 9, 1850, exceptions overruled, and award confirmed.

Assignment of error:

The court below erred, in overruling the first exception filed by the counsel for the plaintiffs to the award of the appraisers, and confirming the award.

*It is provided* in the 9th section of the act regulating railroad companies, hereinbefore referred to, that "such appraisers shall be duly sworn; they shall consider the benefit as well as injury which such owner shall sustain by reason of such railroad, and shall forthwith return their assessment of damages to the clerk of said court, setting forth the value of the property taken, or damages done to the property, the amount of benefit conferred, and the difference between the damages done to the property taken, which they assess to such owner or owners separately, to be by him filed and recorded."

The case was argued by *Cunningham*, for plaintiff in error.
*Agnew*, for defendant, Wallace.

The opinion of the court was delivered, Oct. 9th, by

ROGERS, J.—The act to incorporate the Ohio and Pennsylvania Railroad Company, in providing a mode of estimating the damages to the land through which it passes, directs that appraisers shall be appointed, who, after being duly sworn, shall consider the benefit as well as injury which the owner shall sustain by reason of such railroad, and shall forthwith return their appraisement of damages to the clerk of the proper court, "setting forth the value of the property taken, or damages done to the property, the amount of benefit conferred, and the difference between the damages done to the property taken, which they assess to such owner or owners separately, to be by him filed and recorded."

The directions of the act, so far from being directory merely, are as mandatory as language can make them. The assessors are imperatively commanded, not as heretofore in other acts, not only to consider, in their estimate of damages, the benefit as well as injury which the owner has sustained, but to spread on the face of their report, and make it part of the award, not only the value of the property taken, or the damages done to it, but specifically to set forth the benefit, if any, accruing to the owner from the railroad, and the difference between the damages done to the property taken. The object of the legislature, evidently, is to put an end to *lumping* estimates of the compensation to which the owner

[Ohio and Pennsylvania Railroad Co. *v.* Wallace.]

is entitled, by making it the duty of the appraisers to show on the face of the report, the means by which they arrived at the result of their estimate. And the provision, no doubt, was introduced into the act for the benefit, not only of the company, but of the owners of the land, furnishing data to the courts, in whom is invested a supervisory power over the appraisement, by which they may more readily and certainly determine whether injustice is done by the award. In this award, the appraisers have not paid the slightest regard to the requirements of the act, but have confined themselves to a report that, after viewing the land appropriated by the company, and having taken into consideration the advantages and disadvantages of the railroad, awarded to Robert Wallace the sum of $900 damages, to be paid to him by the company. The appraisers wholly omit to mention the value of the advantages to the owner resulting from the road. As, then, the award was not made in the way pointed out by the act, it must be set aside. The defect appearing on the face of the report itself, it is competent for this court to give relief on *certiorari.*

Award set aside.